Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

Fort Lauderdale Division

Case No. _____

18-cv-61799-Altonaga/Seltzer

*(to be filled in by the Clerk's Office)*

Thomas James Lacorazza, Jr. _____
*Plaintiff(s)*
*(Write the full name of each plaintiff who is filing this complaint.*
*If the names of all the plaintiffs cannot fit in the space above,*
*please write "see attached" in the space and attach an additional*
*page with the full list of names.)*

-v-

see attached _____
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the*
*names of all the defendants cannot fit in the space above, please*
*write "see attached" in the space and attach an additional page*
*with the full list of names. Do not include addresses here.)*

)
)
)
)
)
)
)
)
)
)
)
)
)
)

FILED BY _____ D.C.

**AUG - 2 2018**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

## I.   The Parties to This Complaint

### A.   The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint.  Attach additional pages if needed.

Name                           Thomas James Lacorazza, Jr.

All other names by which

you have been known:           —

ID Number                      —

Current Institution            —

Address                        980 Greenwood Rd.

                               Weston                    FL        33327
                                     *City*            *State*    *Zip Code*

### B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation.  Make sure that the defendant(s) listed below are identical to those contained in the above caption.  For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both.  Attach additional pages if needed.

Defendant No. 1

Name                    Florida Department of Law Enforcement (FDLE)

Job or Title *(if known)*

Shield Number

Employer                Florida, State of

Address                 2331 Phillips Rd.

                        Tallahassee              FL        32308
                             *City*            *State*    *Zip Code*

☐ Individual capacity      ☐ Official capacity

Defendant No. 2

Name                    Municipal Corporations & Unincorporated Cities

~~Job or Title *(if known)*~~   in the state of Florida, individually & collectively

Shield Number

Employer                Florida, State of

Address

                                                 FL
                             *City*            *State*    *Zip Code*

☐ Individual capacity      ☒ Official capacity

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

Defendant No. 3

Name — Counties of the State of Florida, individually & collectively

Job or Title ~~(if known)~~

Shield Number

Employer — Florida, State of

Address

| | FL | |
|---|---|---|
| City | State | Zip Code |

[ ] Individual capacity    [X] Official capacity

Defendant No. 4

Name — Broward Sheriffs Office (BSO)
Broward County Law Enforcement Agency

Job or Title *(if known)*

Shield Number

Employer — Broward County, Florida

Address — 2601 West Broward Blvd

| Fort Lauderdale | FL | 33312 |
|---|---|---|
| City | State | Zip Code |

[ ] Individual capacity    [X] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A.    Are you bringing suit against *(check all that apply)*:

[ ] Federal officials (a *Bivens* claim)

[X] State or local officials (a § 1983 claim)

B.    Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

Double Jeopardy, Ex Post Facto laws, Bills of Attainder prohibitions;
Due process, equal protections;
False imprisonment; et al

C.    Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

---

D.   Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

Under police powers to enforce laws of this state and as a state law enforcement regulatory agency.

## III.   Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

- [ ]   Pretrial detainee

- [ ]   Civilly committed detainee

- [ ]   Immigration detainee

- [ ]   Convicted and sentenced state prisoner

- [ ]   Convicted and sentenced federal prisoner

- [X]   Other *(explain)*   None of the above.

## IV.   Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A.   If the events giving rise to your claim arose outside an institution, describe where and when they arose.

The claims are an as-applied challenge to retrospective legislative enactments of substantive laws.

Broward County, Florida; beginning in 2002

B.   If the events giving rise to your claim arose in an institution, describe where and when they arose.

Not applicable

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

C.     What date and approximate time did the events giving rise to your claim(s) occur?

They are ongoing/continuous

D.     What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

I was convicted of a specified offense to which continuing consequences attach. The Legislature subsequently enacted laws applying to said qualifying offenses which cannot be lawfully applied retroactively. FDLE is requiring of me compliance with those unlawfully and unconstitutionally applied laws. This is NOT a class action suit.

## V.     Injuries

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

Loss of residence, inability to secure compliant residence, homelessness, and inability to secure or maintain gainful employment due to homelessness and inability to secure compliant permanent residence. Arrest, imprisonment, and confinement/loss of liberty.

## VI.    Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged.  Explain the basis for these claims.

Grant a temporary and permanent injunction enjoining FDLE and it agencies from enforcing legislative enactments retroactively against Plaintiff Lacorazza, Jr. Declare as void and illegal the contract entered into by Plaintiff Lacorazza, Jr. and the municipal corporation and City of Weston, Florida which was entered into predicated solely upon the constitutionally violative residency restrictions herein described. Grant a temporary and permanent injunction enjoining FDLE, its agencies, and the municipalities and counties of Florida from enforcing against Plaintiff Lacorazza, Jr. and all prospective property lessors the municipal and county residency restrictions herein described. Issue order requiring compliance with grants of injunction.

VII.   **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures.  Your case may be dismissed if you have not exhausted your administrative remedies.

A.   Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

[X] Yes

[ ] No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

Broward County Main Jail & Paul Rein Detention Facility

B.   Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

[X] Yes

[ ] No

[ ] Do not know

C.   Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

[ ] Yes

[X] No

[ ] Do not know

If yes, which claim(s)?

Not applicable

D.    Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E.    If you did file a grievance:

1.    Where did you file the grievance?

Not applicable

2.    What did you claim in your grievance?

Not applicable

3.    What was the result, if any?

Not applicable

4.    What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

Not applicable

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

F.    If you did not file a grievance:

    1.    If there are any reasons why you did not file a grievance, state them here:

A false imprisonment claim of this sort cannot be made.

    2.    If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

I filed a multitude of documents in the form of motions and pleadings with the clerk of courts for Broward County and my Judge: Michael A. Usan.

G.    Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

Not applicable

*(Note:  You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes

☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

Not applicable

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

A.   Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒ No

B.   If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1.   Parties to the previous lawsuit
     Plaintiff(s) _____
     Defendant(s) _____

2.   Court *(if federal court, name the district; if state court, name the county and State)*
     _____

3.   Docket or index number
     _____

4.   Name of Judge assigned to your case
     _____

5.   Approximate date of filing lawsuit
     _____

6.   Is the case still pending?

     ☐ Yes

     ☐ No

     If no, give the approximate date of disposition. _____

7.   What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*
     _____

C.   Have you filed other lawsuits in state or federal court otherwise relating to the conditions of your imprisonment?

Pro Se 14 (Rev. 12/16) Complaint for Violation of Civil Rights (Prisoner)

☐ Yes

☒ No

D.    If your answer to C is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

    1.    Parties to the previous lawsuit

        Plaintiff(s) _____

        Defendant(s) _____

    2.    Court *(if federal court, name the district; if state court, name the county and State)*

        _____

    3.    Docket or index number

        _____

    4.    Name of Judge assigned to your case

        _____

    5.    Approximate date of filing lawsuit

        _____

    6.    Is the case still pending?

        ☐ Yes

        ☐ No

        If no, give the approximate date of disposition _____

    7.    What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

        _____

Pro Se 14 (Rev 12/16) Complaint for Violation of Civil Rights (Prisoner)

## IX.   Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A.   For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing:   12/7/2017   7/31/2018

Signature of Plaintiff

Printed Name of Plaintiff   Thomas James Lacoratza, Jr.

Prison Identification #

(Mailing)   ·Address   480 Greenwood Rd.
Weston                    FL         33327
                         City                    State      Zip Code

### B.   For Attorneys

Date of signing:   _____

Signature of Attorney   _____

Printed Name of Attorney   _____

Bar Number   _____

Name of Law Firm   _____

Address   _____
         _____
                    City          State       Zip Code

Telephone Number   _____

E-mail Address   CTimpD5@Yahoo.com

Defendants

Florida Department of Law Enforcement (FDLE);

City of Weston, Daniel Stermer, Mayor;

"All municipalities of the State of Florida";

"All counties of the State of Florida"; and

Broward Sheriff's Office (B.S.O.), Scott Isreal, Sheriff

United States District Court

for the

Southern District of Florida

Thomas James Lacorazza, Jr.

       Plaintiff, Pro Se

v.

Florida Department of Law Enforcement (FDLE);

City of Weston, Daniel Stermer, Mayor;

"All municipalities of the State of Florida";

"All counties of the State of Florida"; and

Broward Sheriff's Office (B.S.O.), Scott Isreal, Sheriff

-(document title)-

Initial Filing

## I. Jurisdiction and Venue

1. This is a civil action authorized by 42 U.S.C. 1983 to redress the deprivation, under the color of state law , of Rights guaranteed me by the Constitution of the United States of America. This Court has jurisdiction under 28 U.S.C. section 1331 and 1334(a)(3), 28 U.S.C. section 2201 and 2202 for declaratory relief, and 28 U.S.C. section 2283 & 2284 and Rule 65 of the Federal Rule of Civil Procedure for injunctive relief. This Court has supplemental jurisdiction over the Plaintiff's state law claims under 28 U.S.C. section 1367.

2. The Southern District of Florida is the appropriate venue for this action under 28 U.S.C. 1391(b)(2) as the events giving rise to this action transpired in Broward County, Florida.

3. This action is not otherwise time barred under 28 U.S.C.A. section 2501, nor F.S.A. 768.28 (6)(a).

## II. Plaintiff

4. The Plaintiff, Thomas James Lacorazza, Jr., is, and for all purposes of this action was, a citizen of the United States of America and resident of Broward County, Florida.

## III. Defendants

5. Florida Department of Law Enforcement (FDLE) is the governing body of and regulating authority for all agencies of law enforcement and each of those individual agencies throughout the State of Florida. Their operation is conducted under the color of state law.

6. City of Weston is a municipal corporation operating as such in the county of Broward in the State of Florida. Their operation is conducted under the color of state law.

7.  "All municipalities of the State of Florida" is intended to include each and every municipality (i.e. city, town, et cet.), whether incorporated or not, throughout the State of Florida, which operate as and/or execute the functions of such as recognized and authorized by the State of Florida and its laws. Their operation(s) is/are conducted under the color of state law.

8.  "All counties of the State of Florida" is intended to include each and every county throughout the State of Florida, which operate as and/or execute the functions of such as recognized and authorized by the State of Florida and its laws. Their operation(s) is/are conducted under the color of state law.

9.  Broward Sheriff's Office (B.S.O.) is an agency of the Florida Department of Law Enforcement and law enforcement agency of the county of Broward, Florida. Their operation is conducted under the color of state law.

IV. Facts

10.  *See*: Exhibit 1

11.  Plaintiff was arrested and imprisoned by B.S.O., an FDLE agency, on an arrest warrant applied for, and received and executed by, B.S.O. alleging failure to comply with sexual offender registration requirements -F.S.A. 943.0435(4)(b) (2016)

12.  F.S.A. 943.0435(4)(b), in person 30-day reporting requirement provision, was enacted into law in 2014 -Laws 2014, c. 2014-5, s. 5 eff. Oct. 1, 2014.

13.  Plaintiff was "convicted" of, and as defined by, qualifying offenses enumerated in F.S.A. 943.0435 (2002) for offenses alleged to have occurred between January and March of 2002.

14.  The conviction outlined in paragraph 13. (above) is and was the cause of Plaintiff Lacorazza, Jr.'s status as "sexual offender" under Florida law.

15.  Plaintiff is required to register as a sexual offender under applicable Florida law.

16.  Plaintiff was made to enter into a contract with Defendant City of Weston after municipal ordinance violation was alleged against Plaintiff by Defendant city.

17.  Municipalities of Florida enforce as-applied retrospective sexual offender residence restriction upon Plaintiff Lacorazza, Jr. in contravention to the United States Constitution, Florida Constitution, and Florida and organic law.

18. Counties of Florida enforce as-applied retrospective sexual offender residence restriction upon Plaintiff Lacorazza, Jr. in contravention to the United States Constitution, Florida Constitution, and Florida and organic law.

19. Florida Department of Law Enforcement and its acting agencies enforce upon Plaintiff Lacorazza, Jr. as-applied retrospective substantive law in contravention to the United States Constitution, Florida Constitution, and Florida and organic law.


V. Legal Claims

20. *see* Exhibit 1

21. I, the Plaintiff, re-allege and incorporate by reference paragraphs 1-20 and all evidentiary documents, items, and references, et al, provided and cited.

22. Defendant City of Weston secured entry into a contract with Plaintiff through proceedings and as a result of alleging violation of city's retrospective sexual offender residence restriction making said contract illegal, because of its being predicated on an illegal application of law. This is violative of Plaintiff Lacorazza, Jr.'s United States' Constitution Rights to:

Art. I, s. 10, pt. 1 -Bill of Attainder, Ex Post Facto Law protections;

Art. IV, s. 2 –Equal Protection of the law;

Art. VI, paragraph 2 -Supremacy Clause prescription;

Art. X -Powers Not Delegated Reserved by the People prescription;

Amendment IV, s. 2 paragraph 1 -Unreasonable Searches and Seizures (property) protections;

Amendment V -Double Jeopardy and Deprivation of Life, Liberty, or Property protections;

Amendment VIII -Cruel and Unusual Punishment protections;

Amendment XIV, s. 1 -Privileges and Immunities, Deprivation of Liberty or Property Without Due Process protections, Equal Protection of the law;

organic law (Preemption Doctrine);

*and* Florida Constitution Rights to:

Art. 1, s. 10 -Ex Post Facto Law and Bills of Attainder protections;

23. Defendant FDLE propagates the enforcement of as-applied retrospective enactments of substantive and/or criminal law in

violation of Plaintiff's Rights as secured by:

Art. I, s. 10, pt. 1 -Bill of Attainder, Ex Post Facto Law protections;

Art. IV, s. 2 –Equal Protection of the law;

Art. VI, paragraph 2 -Supremacy Clause prescription;

Art. X -Powers Not Delegated [being] Reserved by the People;

Amendment IV, s. 2 paragraph 1 -Unreasonable Searches and Seizures (property and person) protections;

Amendment V -Double Jeopardy and Deprivation of Life, Liberty, or Property protections;

Amendment VIII -Cruel and Unusual Punishment protections;

Amendment XIV, s. 1 -Privileges and Immunities, Deprivation of Liberty or Property Without Due

Process protections, Equal Protection of the law;

organic law (Preemption Doctrine);

*and* Florida Constitution Rights to:

Art. I, s. 10 -Ex Post Facto Law and Bills of Attainder protections;

Art. X, s. 9 -Amendment of Criminal Statute Not Affecting Offense Previously Committed protections.

24. Defendant "All municipalities of the State of Florida" enacts, has enacted, and propagates enforcement of as-applied

retrospective enactments of substantive and/or criminal law in violation of Plaintiff's Rights as secured by:

Art. I, s. 10, pt. 1 -Bill of Attainder, Ex Post Facto Law protections;

Art. IV, s. 2 –Equal Protection of the law;

Art. VI, paragraph 2 -Supremacy Clause prescription;

Art. X -Powers Not Delegated [being] Reserved by the People;

Amendment IV, s. 2 paragraph 1 -Unreasonable Searches and Seizures (property and person) protections;

Amendment V -Double Jeopardy and Deprivation of Life, Liberty, or Property protections;

Amendment VIII -Cruel and Unusual Punishment protections;

Amendment XIV, s. 1 -Privileges and Immunities, Deprivation of Liberty or Property Without Due

Process protections, Equal Protection of the law;

organic law (Preemption Doctrine);

*and* Florida Constitution Rights to:

Art. I, s. 10 -Ex Post Facto Law and Bills of Attainder protections;

Art. X, s. 9 -Amendment of Criminal Statute Not Affecting Offense Previously Committed protections.

25. Defendant "All counties of the State of Florida" enacts, has enacted, and propagates enforcement of as-applied

retrospective enactments of substantive and/or criminal law in violation of Plaintiff's Rights as secured by:

Art. I, s. 10, pt. 1 -Bill of Attainder, Ex Post Facto Law protections;

Art. IV, s. 2 –Equal Protection of the law;

Art. VI, paragraph 2 -Supremacy Clause prescription;

Art. X -Powers Not Delegated [being] Reserved by the People;

Amendment IV, s. 2 paragraph 1 -Unreasonable Searches and Seizures (property and person) protections;

Amendment V -Double Jeopardy and Deprivation of Life, Liberty, or Property protections;

Amendment VIII -Cruel and Unusual Punishment protections;

Amendment XIV, s. 1 -Privileges and Immunities, Deprivation of Liberty or Property Without Due

Process protections, Equal Protection of the law;

organic law (Preemption Doctrine);

*and* Florida Constitution Rights to:

Art. I, s. 10 -Ex Post Facto Law and Bills of Attainder protections;

Art. X, s. 9 -Amendment of Criminal Statute Not Affecting Offense Previously Committed protections.

26. Defendant B.S.O. enforced and enforces as-applied retrospective substantive and/or criminal law against Plaintiff, and in

doing so falsely imprisoned Plaintiff and subjected, and continues to subject, Plaintiff to violations of Rights secured by:

Art. I, s. 10, pt. 1 -Bill of Attainder, Ex Post Facto Law protections;

Art. IV, s. 2 –Equal Protection of the law;

Art. VI, paragraph 2 -Supremacy Clause prescription;

Art. X -Powers Not Delegated [being] Reserved by the People;

Amendment IV, s. 2 paragraph 1 -Unreasonable Searches and Seizures (property and person) protections;

Amendment V -Double Jeopardy and Deprivation of Life, Liberty, or Property protections;

Amendment VIII -Cruel and Unusual Punishment protections;

Amendment XIV, s. 1 -Privileges and Immunities, Deprivation of Liberty or Property Without Due

Process protections, Equal Protection of the law;

organic law (Preemption Doctrine);

*and* Florida Constitution Rights to:

Art. I, s. 10 -Ex Post Facto Law and Bills of Attainder protections;

Art. X, s. 9 -Amendment of Criminal Statute Not Affecting Offense Previously Committed protections.

## VI. Damages

27. Emotional suffering, pain, and distress

28. Anxiety

29. Seizure of person Rights

30. Encumbrance of liberty and property Rights

31. Public humiliation

32. Loss of consortium

33. Extensive time and expense in ensuring compliant action, research and preparation of this action, and other such related difficulties

34. False imprisonment

35. Current and ongoing violation(s) of Rights

## VII. Prayer for Relief

36. Wherefore, Plaintiff Lacorazza, Jr. prays this Court grant the following relief:

    (1) Enter an order for Declaratory Relief that:

        a. Plaintiff Lacorazza, Jr. has been subject to the unlawful, illegal, unconstitutional, and unauthorized retrospective application of law(s)

b. Defendants FDLE, "All municipalities of the State of Florida", "All counties of the State of Florida", City of Weston, and B.S.O are liable to Plaintiff

c. As a direct, proximate, imminent, and potential result of the as-applied laws, Plaintiff Lacorazza, Jr. has suffered damages

d. There is an actual, bona fide controversy between Plaintiff Lacorazza, Jr.'s contention that the retroactively applied laws outlined above are unconstitutional and in violation of Plaintiff's Rights, whereas Defendants presumably, and in practice, contend that the retroactive application of the laws, their application to and enforcement upon Plaintiff, and imprisonment stemming from said retroactive application and enforcement are being validly, lawfully, and constitutionally applied to and enforced upon Plaintiff;

(2) Enter an order for Declaratory Relief that:

a. The contract between Plaintiff Lacorazza, Jr. and Defendant City of Weston is void, having been predicated, entered into, and instituted upon unconstitutional grounds;

(3) Enter an order for preliminary and permanent Injunctive Relief enjoining Defendants from enforcement of substantive and/or criminal law(s), and provided by law, and imposing upon Plaintiff Lacorazza, Jr. the laws as outline in this action, and any other applicable law;

(4) Award Compensatory Relief damages as outlined below;

(5) Award court costs in prosecuting this action, attorney's fees to Plaintiff -as Pro Se Litigant- and any additional Relief this Court deems fair, just, proper, and equitable.

VIII. Citations & References

A. Monell v. New York City Dep't of Social Services, 436 U.S. 658 (1978) –"...can be held be liable under s. 1983 only if alleged constitutional violations resulted from the execution of the city's own policies." ; Monell Claim

B. Pembaur v. Cincinnati, 475 U.S. 469 (1986) –You can sue a city, or any other municipality, for an injunction or damages where the violation of your rights was the product of a city's official policy or unofficial custom.

C. County Concrete Corp. v. Town of Roxbury, 442 F.3d 159 (2006) –To prevail on a substantive due process claim, a plaintiff must demonstrate that an arbitrary and capricious act deprived them of a protected property interest; There is no requirement that a plaintiff exhaust administrative remedies before bringing a s. 1983 action

D. Screws v. U.S., 325 U.S. 91 (1945) –But willful violators of constitutional requirements, which have been defined, certainly are in no position to say that they had no adequate advance notice that they would be visited with punishment. When they act willfully in the sense in which we use the word, they act in open defiance or reckless disregard of a constitutional requirement which has been made specific and definite. When they are convicted for so acting, they are not punished for violating an unknowable something; The fact that the defendants may not have been thinking in constitutional terms is not material where their aim was not to enforce local law but to deprive a citizen of a right and that right was protected by the Constitution; The problem is not whether state law has been violated but whether an inhabitant of a State has been deprived of a federal right by one who acts under 'color of state law'.; This section was before us in United States v. Classic, 313 U.S. 299, 326, 61 S.Ct. 1031, 1043, 85 L.Ed. 1368, where we said: 'Misuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with authority of state law, is action taken 'under the color of state law'.

E. Lovell v. City of Griffin, Ga., 313 U.S. 444 (1938) –It is also well settled that municipal ordinances adopted under state authority constitute state action and are within the prohibition of the amendment.

F. Holden v. Hard, 169 U.S. 368, 391, 18 S.Sup.Ct. 383 –The federal Constitution and laws passed within its authority are by the express terms of that instrument made the supreme law of the land. The Fourteenth Amendment protects life, liberty, and property from invasion by the states without due process of law. Property is more than the mere thing which a person owns. It is elementary that it includes the right to acquire , use, and dispose of it. The Constitution protects these essential attributes of property

G. Staub v. City of Baxley, 355 U.S. 313 (1958) –Municipal ordinances adopted under state authority constitute "state action" and are within prohibition of the Fourteenth Amendment.; Thus the ordinance which interferes with such rights is in direct conflict with superior Federal legislation and is therefore unconstitutional, null and void.

H. Lozman v. City of Riviera Beach, 39 F.Supp.3d 1392 (2014) –{HNs; 1-7; 7 & 8; 16-20; and 53-55}

I. Doe v. Miami-Dade County, Florida, 846 F.3d 1180 (2017)

J. Fogg v. Southeast Bank, N.A., 473 So.2d 1352 (1985)

K.  Lewis v. Casey, 518 U.S. 343 (1996) –The Supreme court stated that in order to get an injunction [person] must show "actual or imminent injury".

L.  Bionetic Corp. v. Kenniasty, 69 So.3d 943 (2011)

M.  Smiley v. State, 966 So.2d 330 (2007)

N.  State v. Kelley, 588 So.2d 595 (1991)

O.  State v. Hootman, 709 So.2d 1357 (1998)

P.  R.A.M. of South Florida, Inc. v. WCI Communities, Inc., 869 So.2d 1210 (2004)

Q.  Trustees of Tufts College v. Triple R. Ranch, Inc., 275 So.2d 521 (1973)

R.  Witchard v. State, 68 So.3d 407 (2011)

S.  Hines v. Davidowitz, 312 U.S. 52 (1941)

T.  Florida Lime & Avocado Growers, Inc. v. Paul, 373 U.S. 132 (1963)

U.  U.S. v. Locke, 529 U.S. 89 (2000)

V.  Cummings v. Missouri, 71 U.S. 277 (1866)

W.  Buchanan v. Warley, L.R.A. 1918C, 210 (1917)

X.  Thomas v. State, 614 So.2d 468 (1993)

Y.  Florida Statutes Annotated 943.0435 (March 2002)

Z.  Florida Statutes Annotated 943.0435 (October 1st, 2002-current)

AA. Florida Statutes Annotated 775.215 (formerly F.S.A. 794.065)

BB. Florida Statutes Annotated 943.0436

CC. California Penal section 3003.5

DD. State v. Harden, 978 So.2d 480 (2006) –{HNs: 2-5; 13~...it criminalized conduct that federal law specifically intended to be lawful and shielded from prosecution...}

EE. Laws 2002; 2004; 2005; 2006; 2007; 2009; 2010; 2012; 2014; 2015; and 2016, c.2002-58, s.3; c. 2004-371, s. 2; c. 2005-28, s. 9; c. 2006-200, s. 3, and c. 2006-299, s. 4; c. 2007-5, s.159, c. 2007-143, s. 10, c. 2007-207, s. 4, and c. 2007-209, s. 2; c. 2009-194, s. 3; c. 2010-92, s. 4; c. 2012-19, s. 4 and c. 2012-97, s. 11; c. 2013-116, s. 11; c. 2014-4, s. 10, c. 2014-5, s. 5, and c. 2014-160, s. 26; c. 2015-2, s. 99; and c. 2016-24, ss. 10, 51, and c. 2016-104, s. 3, respectively

FF.  Westlaw search results: "sex offender registration requirements" –"…Under version of sex offender registration applicable prior to 1998 amendment specifically requiring offenders subject to registration to give change-of-address notification upon leaving California, offenders subject to registration were not required to notify authorities of change of address when leaving California to live elsewhere…." *See* Exhibit ____

GG. Westlaw search results: "Regulation prohibiting against laws impairing obligation of contracts" –"*see* Exhibit ____

HH. Black's Law Dictionary –for inclusive definitions of "City" and "County"

II.  Keller v. City of Freemont, 719 F.3d 931 (2013) –{HNs: 5, 17, 19-21, 23-25, 27}

JJ.  Garner v. Board of Public Works of City of Los Angeles, 341 U.S. 716 (1951) –{HNs: 11 & 12}

KK. Houston v. Williams, 547 F.3d 1357 (2008) –{HN: 14}

LL.  City of Fort Lauderdale v. Anderson, 2018 WL 1614204 (2018)

MM.                                         South Florida Sun Sentinel article April 2, 2018 "10 SoFla cities sue state, want to regulate guns": "Weston officials said their lawsuit "seeks to invalidate the extreme and extraordinary penalties that deter and chill [citizens] from even considering reasonable, constitutional [places of residence within communities].""

NN. This claim is not otherwise time barred under the provisions of 28 U.S.C.A. s. 2501 -"*Every* claim of which the United States Court of Federal Claims has jurisdiction shall be barred unless the petition thereon is filed *within six years* after such claim first accrues."

OO. This claim is not otherwise time barred under the provisions of F.S.A. 768.28(6) and F.S.A. 95.11

PP.  Denise Huskins and Aaron Quinn: Couple was awarded $2,500,000.00 after police department issued public statement claiming actual kidnapping of girlfriend was hoax

QQ. Gary Kollin: Plaintiff was awarded $1,200,000.00 after Broward Sheriff's Office (B.S.O.) executed false imprisonment on charges that were subsequently dismissed

RR.  Broward Clerk of Courts case search webpage for Defendant City of Weston ordinance violation case against Plaintiff:

- https://www.browardclerk.org/Web2/CaseSearch/Details/?caseid=NjQzNTc5-

FlHzo8UmRb8%3d&caseNum=CACE06020145&category=CV  -

VERIFICATION

I have read the foregoing complaint and hereby verify that the matters alleged herein are true and correct, except matters alleged on belief and information, which as to those, I believe them to be true. I certify under penalty of perjury that the foregoing is true and correct.

-Document A-

Specific statement of claim is a challenge to the constitutionality of retroactive application of Florida municipalities' and counties' enactments of ordinances restricting residency of certain sexual offenders within their territorial jurisdiction(s) on Supremacy Clause controlled preemption and as-applied Ex Post Facto and Bill of Attainder prohibition violations as follows:

1. Municipal and county ordinances restricting residency of certain sexual offenders within their jurisdictional limits is prohibited by the doctrine of preemption under the Supremacy Clause and are repugnant as such to the state statute inasmuch as they were enacted subsequent to, and extend the scope of application of and enhance the statutorily provided restrictions of F.S.A. 775.215 (formerly F.S.A. 794.065) in abrogation of the precedents set forth in *Florida Lime & Avocado Growers, Inc v. Paul,* 373 U.S. 132 (1963), *Hines v. Davidowitz,* 312 U.S. 52 (1941), *U.S. v. Locke,* 529 U.S. 89 (2000), and *Thomas v. State,* 614 So.2d 468 (1993).

To start, it should be noted that state legislation has the same preemptive effect upon local governmental body legislation as that of Federal legislation upon state and local legislation. Being so, we begin with *Locke* where you find the U.S. Supreme court holding that -1) "An assumption of nonpreemption is not triggered when a [local government] regulates in an area where there has been a history a history of [state] presence", {so} -2) "In the area of [intrastate sexual offender residence restrictions], there is no beginning assumption, for the purpose of preemption analysis, that concurrent regulation by a [local government] is a valid exercise of its police powers; rather Supreme Court must ask whether the local laws in question are consistent with the [state] statutory structure, which has as one of its objectives a uniformity of regulation for [residency restrictions for sexual offenders]", -3) ""Conflict preemption" occurs when compliance with both [local] and [state] law is impossible, *or* when [local] law stands as an obstacle to the accomplishment and execution of the *full* purposes and objectives of [the state]", -4) "the statute may not be *supplemented* by [local] law without compromising the uniformity the [state] statute itself achieves", and -5) "the [local laws are] not tied to the peculiarities of [the individual municipalities or counties]".

This is to say, coincidentally, that where the state has had a history of its presence on the subject of sexual offender residence restrictions going back to 1995 in F.S.A 948.30 and continuing with the enactment of F.S.A. 794.065 (amended to F.S.A. 775.215) it cannot be assumed that there is not an intention of preemption by the state; the local laws in question are inconsistent with the state statutory structure, which has, manifest in the mere enactment of a statewide-encompassing statute, as one of its

objectives a uniformity of regulations, and with that the _Locke_ court pointed out that "Ultimately, it is largely for the [state Legislature] to confront whether their regulatory scheme, which demands a high degree of uniformity, is adequate" – wherefrom can be extrapolated the presumption that local government cannot deem inadequate valid state legislations which the state itself has deemed to be adequate. Also, looking at the disparity between F.S.A. 775.215 and the equivalent California statute (CA Penal s. 3003.5: enacted in 2006) you may draw the conclusion from a comparative analysis which furthers the notion of preemption by the state of Florida's enactment by its being devoid of a non-obstante clause similar to that present in California's:

"(c) Nothing in this section shall prohibit municipal jurisdictions from enacting local ordinances that      further restricts the residency of any person for whom registration is required pursuant to Section 290."; it is impossible to comply with the state statute's authorization for sexual offenders, whose offenses are committed prior to October 1st, 2004, to lawfully reside anywhere while concurrently being prohibited from the same by municipal and county ordinances as is it for those whose offenses are committed on or after October 1st, 2004 and reside more than 100ft, but less than that prescribed by local law. In this respect as well, prohibition, against that which has been authorized by the state stands as an obstacle to 'the accomplishment and execution of the FULL purposes and objectives' of the state and compromises the uniformity the state statute itself achieves: The purpose and objective of the state statutory structure was to allow for residences to be lawful if an offender's offense was committed prior to October 1st, 2004 and residences beyond 1000ft of certain, specified places to be lawful if an offender's offense was committed on or after October 1st, 2004. This concept is supported by the Florida Supreme Court in _Thomas_:

"Municipal ordinances are inferior to laws of the state and must not conflict with any controlling provision of a statute. As this Court stated in _Rinzler v. Carson,_ 262 So.2d 661, 668 (Fla. 1972), "[a] municipality cannot forbid what the legislature has expressly licensed, authorized, or required, nor may it authorize what the legislature has expressly forbidden." Although municipalities and the state may legislate concurrently in areas that are not expressly preempted by the state, a municipality's concurrent legislation must not conflict with state law.

"A city may not enact an ordinance imposing criminal penalties for conduct essentially identical to that which has been decriminalized by the state. Therefore, we find the penalty imposed by the Orlando ordinance is in conflict with state law.

"By making it a crime to operate a bicycle without a bell the city has made wholly innocent conduct the subject of criminal prosecution. It has provided the police with unfettered power to arrest and search citizens engaging in ordinary and customary behavior with no unlawful intent. It has created an ordinance which is susceptible to arbitrary and discriminatory enforcement....

"While the City of Orlando may have some legitimate interest in supplementing existing bicycle regulations, it cannot accomplish this goal by adversely impacting the fundamental rights and freedoms of its citizens.

"We agree with the Attorney General to the extent that his opinions express the view that municipal ordinance penalties may not exceed state penalties for similar or identical offenses. In the case at hand, as noted earlier, this means that the city may not punish by criminal penalties conduct that the state has decriminalized."

As to the "fundamental rights" described above, remonstrative foundation to the municipal and county enactments lies in *Buchanan v. Warley,* L.R.A. 1918C, 210 (1917) where the U.S. Supreme Court held:

"The "property" protected by U.S.C.A. Const. Amend. 14 includes not only the thing owned, but the *right to acquire, use, and, dispose if it*."

"'The effect of the ordinance under consideration was not merely to regulate business or the like, but was to destroy the right of the individual to acquire, enjoy, and dispose of his property. Being of this character it was void as being opposed to the due process clause of the Constitution'."

In this context the ordinances are not strictly preempted, but constitutionally void as well; and, finally, in contravention of the *Florida Lime…* principle:

"Specifically, the supervision of the readying of foodstuffs for market has always been a matter of peculiarly local concern" and without there being issued for the local enactments reports on findings, inquiries or assessments tied to the peculiarities of thee amounts, locations, or both of parks, schools, et cet., and their proximity to residential properties within each individual municipality or county cause and justification for local supplementation is absent. The regulation of sexual offenders has been declared by the Legislature to be a compelling interest of the "state". The Florida Sexual Predators Act, F.S.A. 775.21, provides preceptuous illustration in concluding:

"(3) Legislative findings and purpose; legislative intent.—

"(a) Repeat sexual offenders, sexual offenders who use physical violence and sexual offenders who prey on children are sexual predators who present an extreme threat to public safety. Sexual offenders are extremely likely to use physical violence and to repeat their offenses, and most sexual offenders commit many offenses, have many more victims than are ever reported, and are prosecuted for only a fraction of their crimes. This makes the cost of sexual offender victimization to society at large, while incalculable, clearly exorbitant.

"(b) The high level of threat that a sexual predator presents to the public safety, and the long-term effects suffered by victims of the sex offenses, provide the _state_ with sufficient justification to implement a strategy that includes:

"3. Requiring the registration of sexual predators, with a requirement that complete and accurate information be maintained and accessible for use by law enforcement authorities, communities, and the public.

"(c) The _state_ has a compelling interest in protecting the public from sexual predators and in protecting children from predatory sexual activity, and there is sufficient justification for requiring community and public notification of the presence of sexual predators.

"1. _Requiring sexual predators supervised in the community to have special conditions of supervision_ and to be supervised by probationer officers with low caseloads;

"2. Requiring sexual predators to register with the Florida Department of Law Enforcement, as provided in this section; and

"3. Requiring community and public notification of the presence of a sexual predator, as provided in this section."

All terms and definitions of that Act are incorporated directly or by reference into F.S.A. 943.0435, and both regulate sexual offenses, the latter of which Plaintiff is subject to compliance with. The state, however, delegates no regulatory authority -as with CA Penal 3003.5- to the local governments on the subject of sexual offenders/predators.

"In the absence of any such manifestations, it would be unreasonable to infer that [the Legislature] delegated to the [local government] in a particular region the authority to deprive [sexual offenders] of their traditional [_right_] to [reside where] otherwise valid regulations designed for the protection of [society] [has authorized by law]." (Florida Lime...)

And

"Any additional [local] regulation to supplement [state] regulation would pro tanto supplant it with another scheme, thereby compromising to some degree the [legislative] policy expressed in the Act." (Id.)

"For it is a commonplace that when the appropriate [state] regulatory agency adopts minimum standards which on balance satisfy the needs of the subject matter without disproportionate burden the regulates, the balance struck is not to be upset by the imposition of higher local standards. *See* for example Southern R. Co. v. Railroad Comm'n, 239 U.S. 439, 35 S.Ct 304, 59 L.Ed 661." (Id.)

"The conflict between [state] and [local] law is unmistakable here. The Legislature asserts certain Florida [residences are lawful and certain sexual offenders] are [not restricted at all]. The [local] law[s] reject them as [unlawful and restricted, respectively]. And the conflict is over a matter of central importance to the [*state*] scheme" (Id.) -that is, protecting the public from sexual predators and children from predatory sexual activity.

"The [residency restriction] regulations are not peripheral aspects of the [state] scheme." (Id.)

"Both the subject matter and the statute call for uniformity." (Id.)

Then, accordingly, and reminded of the Supremacy Clause being likewise controlling of state matters over local enactments as it is federal matters over state enactments, the U.S. Supreme Court in *Hines* asserts;

"And where the federal government, in the exercise of its superior authority in this field, has enacted a *complete* scheme of regulation and has therein provided a *standard* for registration of aliens, states cannot, inconsistently with the purpose of Congress, *conflict or interfere* with, *curtail or complement*, the federal law, or enforce *additional or auxiliary* regulations."

2. Elaborating strictly on the subject of fail Ex Post Facto constitutionality, I entreat you to look upon FL ss. 948.30 & 775.215 and Witchard v. State, 68 So.3d 407 (2011)

In conclusively discerning, as have I, from the cumulative  So.2d and coordinated view of the respective provisions , clauses, and language each contain that an ex post facto violation has been proffered for this as-applied challenge to municipal and county ordinances restricting residency for sexual offenders. In short, the constitutional provision on Ex Post Facto laws prohibits retrospective application of substantive (punitive) laws.

It is of imperative importance to note the U.S. Supreme Court precedent-setting case of Cummings v. Missouri, 71 U.S. 277 (1866) and the U.S. Court of Appeals, First Circuit in Taylor v. State of R.I., 101 F.3d 780 (1996) wherein it was held:

"The prohibition against the passage of ex post facto laws cannot be evaded by giving a civil form to that which is, in substance criminal."

and

"For purposes of determining whether a law is penal in nature, "the labels 'criminal' and 'civil' are not of paramount importance."

"Simply put, a civil...sanction constitutes punishment when the sanction as applied in the individual case serves the goals of punishment[,]" that is to say, retribution and deterrence."

"In determining whether law subjects individual to punishment, for purposes of ex post facto analysis, Court of Appeals inquires not only whether challenged civil provision is so extreme as to constitute punishment."

First, we delve into whether the substance of the municipal and county ordinances, which are of a 'civil' for, is, in fact, criminal. Beginning with Smiley v. State, 966 So.3d 330 (2007) in the Supreme Court of Florida, it is has been held:

"In *Washington v. Dawling*, 92 Fla. 601, 109 So. 588 (1926), this Court provided the following definition for the phrase "criminal statute". "[A]n act of the Legislature as an organized body relating to crime or its punishment...defining crime, treating of its nature, or providing for its punishment...[or] deal[ing] in any way with crime or its punishment."

"This legislation clearly constitutes a substantive change in the law, rather than a procedural/remedial change in the law, because it alters the circumstances in which it is considered a criminal act to use deadly force without first needing to retreat. *See State v. Garcia*, 229 So.2d 236, 238 (Fla. 1969)("As related to criminal law and procedure, *substantive law is that which declares what acts are crimes and prescribes the punishment therefor*...").

"Finally, a statute that achieves a "remedial purpose by creating substantive new right or imposing new legal burdens" is treated as a substantive change in the law. *Arrow Air, Inc.*, 645 So.2d at 424."

Next is the Florida Supreme Court in Bionetics Corp. v. Kenniasty, 69 So.3d 943 (2011) in which it was reasoned:

"Substantive statutes are presumed to apply prospectively absent clear legislative intent to the contrary. *See Metro. Dade County v. Chase Fed. Hous. Corp.*, 737 So.2d 494, 499 (Fla. 1999)("The general rule is that in the absence of clear legislative intent to the contrary, a law affecting substantive rights, liabilities and duties is presumed to apply prospectively.")(citing *Hassen v. state Farm Mut. Auto. Ins. Co.*, 674 So.2d 106, 108 (Fla. 1996); *Arrow Air, Inc. v. Walsh*, 645 So.2d 422, 425 (Fla. 1994)). When determining whether a statute should be retroactively applied, the statute at issue is subjected to the following inquiries:

> The first inquiry is one of statutory construction: whether there is clear evidence of legislative
>
> intent to apply the statute [retroactively]. If the legislation clearly expresses an intent that it
>
> apply retroactively, then the second inquiry is whether retroactive application is constitutionally
>
> permissible."

As can also be shown by the Florida 4th District Court of Appeal holding in Fogg v. Southeast Bank, N.A., 473 So.2d 1352 (1985), comporting with the second inquiry above:

> "*Anderson v. Anderson*, 468 So.2d 528, 530 (Fla. 3d DCA 1983)("even a clear legislative expression of retroactivity will be
>
> ignored by the courts if the statute impairs vested rights, creates new obligations, or imposes new penalties")."

Now that we know what criminal substance is and when it is lawfully applied, let's turn with specificity towards residency restrictions for sexual offenders in the state of Florida.

The initial enactment in the state of Florida prescribing residency restrictions was that of a 1995 Act amending F.S.A. 948.30. This section is under Title XLVII for 'Criminal' Procedure and Corrections and is itself entitled "Additional terms and conditions of probation or community control for certain sex offenders"; that is, they are not only *criminal* regulations, but *criminal "penalties"* and/or "*punishments*." Subsection (1)(b) of the Act outlines "a prohibition on living within 1000 feet of a school, child care facility, park, playground, or other place where children regularly congregate…". Integral to the legislation is the "controlling provision" - quoting *Thomas*- and limiting clause which is section (1) and requires that offenses subject to the provisions are committed on or after October 1st, 1995:

"Effective for practitioners or community controlees whose crime was committed on or after October 1st, 1995:

"Effective for probationers or community controlees whose crime was committed on or after October 1st, 1995... the court must *impose the following conditions* in additions to all other standard and special *conditions* imposed:"

The section 948.30 Act was the predecessor for and followed by the *criminal statute* F.S.A. 794.065 -renumbered to F.S.A. 775.215- which made violations of residency restrictions statutory law and a *criminal* offense. Similar to F.S.A. 948.30, F.S.A. 775.215 and the original F.S.A. 794.065, which is entitled "residency restriction for persons convicted of certain* sex offenses", contains the "controlling provision" -*Thomas*- and limiting clause:

"This subsection applies to any person convicted of a violation of s. 794.011, s. 800.04, s. 827.071, s. 847.0135(5), or s. 847.0145 for offenses that occur on or after October 1st, 2004, excluding persons..."

Both of these acts establish, under *Smiley*, as substantive criminal law which cannot be applied retroactively the provisions of law pertaining to residency restrictions for sexual offenders and the Legislature appears to have acknowledges this fact in its prohibition against retroactive application through the prescription of the limiting clause controlling provisions of the Acts. Additionally, Witchard v. State, 68 So.3d 407 (2011) is a Florida case of the 4th District Court of Appeal embodying an as-applied challenge to the imposition upon *him* of substantive criminal law which was enacted subsequent to the commission of *his* underlying offense(s). The trial court decision was reversed and remanded on constitutional ex post facto violation grounds. In its opinion for so holding the Court poignantly explicated:

"Furthermore, the Florida Legislature also seems to recognize that mandatory electronic monitoring is a form of *punishment*. As part of the JLA, mandatory electronic monitoring on certain sex offenders who are placed on probation, but *limited the requirement* to probationers whose crimes were committed '*on or after*' September 1st, 2005. *See* F.S.A. 948.30(3), Fla. Stat. (2005). *If the mandatory electronic monitoring was only a 'civil' remedy there would have been 'no reason' for the Legislature to 'limit' the application of this subsection*.

"Based on the Florida appellate courts' treatment of electronic monitoring *as a form of criminal punishment*, we believe that applying section 948.063 to a probationer whose crimes were committed before September 1st, 2005 *would violate* the constitutional prohibition of ex post facto laws. As such, we construe section 948.063 as applying only to probationers whose offenses were committed *on or after* September 1st, 2005—the effective date of the JLA.

"Such a holding is consistent with *Burrell v. State*, 993 So.2d 998 (Fla. 2d DCA 2007) and *Harder v. State*, 14 So.2d 1291 (Fla. 1st DCA 2009). In both cases, the appellate courts found that the mandatory electronic monitoring requirements of the JLA were inapplicable because the <u>*underlying crimes*</u> were committed before the JLA's effective date.

"..., <u>*it is well settled that law which removes discretion from the trial court in sentencing cannot be applied retrospectively*</u>. *See Lindsey v. Washington*, 301 U.S. 397, 400-02, 57 S.Ct. 797, 81 L.Ed. 1182 (1937) (finding an ex post facto violation where law changing discretionary maximum of fifteen years to mandatory fifteen-year sentence was applied to crimes committed before the law's effective date)."

The prevailing contention within the Courts throughout the state which have been and currently is that of municipal and county ordinances on residency restrictions being a civil regulation has been, so far, herein thoroughly disproved many times over. There is, consequentially, another irrebuttable piece of evidence for showing that without question the sexual offender residency restrictions are substantive and not procedural and/or remedial laws, and cannot be applied retroactively. That evidence is in the form of F.S.A. 943.0436, which is entitled "Duty of the court to uphold laws governing sexual predators and sexual offenders.—", and in which has been included a legislative declaration pertaining to laws relating to sexual predators and sexual offenders to be read in pari material as part of the same 943 chapter as F.S.A. 943.0435 and states:

"....<u>*The laws relating to sexual predators and sexual offenders are substantive laws....*</u>".

While iterating the sentiment previously cited, and quoted from *Cummings* and *Taylor*, the above becomes indelible. Having made a showing of the ordinances, in their "civil" form as they exist, are inextricably of a criminal substance we now turn to the extremity to which the punishment is as imposed by the restriction.

I believe it sufficient to look no further than the U.S. Supreme Court holding in the *Buchanan* case, also previously cited herein. There can be nothing more extreme as a punishment than that which disposes of fundamental rights in such a way so as to be violative of the United States Constitution and has been held to indoctrinate concepts which have been held void as opposing the due process clause of the Constitution.

In full consideration of all that has been disclosed in this claim, to determine the ordinances lawful as applied would serve to accomplish nothing outside further abrogation of the Constitution, laws, and rights of Mr. Lacorazza, Jr.

For the reasons herein, desired relief as sought should be granted, free of encumbrance, to the Plaintiff in this action.

7/31/2018

Thomas James Lacorazza, Jr.

-<u>Document A</u>- (cont.)

The second portion of this claim is focused on an as-applied challenge, that of the amendments to F.S.A. 943.0435 being imposed upon Plaintiff Lacorazza, Jr. and their being in violation of the State and United States Constitutions' Rights as outlined in paragraphs 20-26 of the claim in this action.

We begin, first, by pointing out that Plaintiff Lacorazza, Jr.'s alleged subjectificational offenses occurred between January and February of 2002, and so the registration requirements of F.S.A. 943.0435 in effect 'at *that* time' are the sole controlling provisions of registration to be lawfully applied to Plaintiff Lacorazza, Jr. following his adjudication in the resultant case.

As noted in the first portion of this action the Legislature, in F.S.A. 943.0436, has poignantly declared:

"The laws relating to sexual predators and sexual offenders are substantive laws."

While subsequently discussing, showing subjugation to that declaration, the sexual offender requirement of registration by specifically citing F.S.A. 943.0435, the Legislature has thereby included as substantive law said legislation. Though there seems to be myriad resources on substantive law and retroactivity, there also appears to be no need to look any further than a few resources.

First is that of *Smiley v. State*, 966 So.2d 330 (2007) in the Florida Supreme Court in which "Procedural/Remedial Change Versus Substantive Change" is directly addressed and from which precedent is relied upon:

"In the analysis of a change in statutory law, a key determination is whether the statute constitutes a procedural/remedial change or a substantive change in the law. The <u>*rule*</u> for procedural/remedial changes, <u>*in contrast to the presumption against retroactive application for substantive changes*</u> is as follow:

*Remedial* statutes or statutes relating to remedies or modes of *procedure*, which <u>*do not*</u> create new or take away vested rights, but only operate in furtherance of the remedy or confirmation of rights already existing, do no come within the legal conception of retrospective law, or the <u>*general rule against retrospective operation of statutes*</u>.

"Finally, a statute that achieves a "remedial purpose by *creating substantive new rights* or *imposing new legal burdens*" is treated as a substantive change in the law. *Arrow Air, Inc.*, 645 So.2d at 424." (*Arrow Air, Inc. v. Walsh*, 645 So.2d 422, 424 (Fla. 1994))

Continuing in *Smiley* it was found:

"This legislation clearly constitutes a substantive change in the law, rather than a procedural/remedial change in the law, *because it alters the circumstances in which it is considered a criminal act to* [fail to register/comply with registration]. *See State v. Garcia*, 229 So.2d 236, 238 (Fla. 1969) ("As related to criminal law and procedure, substantive law is that which *declares what acts are crimes and prescribes the punishment therefor*....").

"Whether a statute creates or abrogates an affirmative defense, both statutes significantly change the affirmative defenses available to defendants. For those reason, we conclude that section [943.0435] is a substantive change in the statutory law.

"Based on the determination that section [943.0435] constitutes a substantive change in the statutory law, *a presumption of prospective* application *must* therefore underlie further analysis of the legislation. *See Metropolitan Dade County v. Chase Federal Hous. Corp.*, 737 So.2d 494, 499 (Fla. 1999) ("The *general rule* is that in the absence of clear legislative intent to the contrary, a law affecting substantive rights, liabilities and duties is presumed to apply prospectively.")."

Additionally:

"The Florida Constitution imposes a restriction on application of criminal legislation. Article X, section 9 of the Florida Constitution has the following language:

Repeal or *amendment* of a *criminal statute* shall not affect prosecution or punishment for *any* crime previously committed.

"The key determination is that section [943.0435] qualifies as a "criminal statute". With regard to Article X, section 9, the term "criminal statute" is defined in a broad context. In *Washington v. Dowling*, 92 Fla. 601, 109 So. 588 (1926) this Court provided the following definition for the words "criminal statute": "[A]n act of the Legislature as an organized body *relating to crime and punishment*... [or] dealing in *any* way with crime or its punishment." *Id.*, 109 So. at 591. In the instant matter, section [943.0435] qualifies as a "criminal statute", *because it has a direct impact on the prosecution of the offense of* "[failure to comply with registration requirements/register]" in Florida.

"Therefore, Article X, section 9 of the Florida Constitution makes it _constitutionally impermissible for section_ [943.0435] _to receive retroactive application_." (Id.)

These facts evince that even if it were there were an absence of the F.S.A. 943.0436 declaration, the amendments to F.S.A. 943.0435 could not be constitutionally applied, still, to Plaintiff Lacorazza, Jr. whose qualifying offense(s) occurred prior to their enactment(s). That is, even without the declaration, the amendments constitute 'substantive law' changes of a 'criminal statute' as defined in _Washington_, which cannot be applied retroactively, for they 1) apply only as a result of a conviction for certain, enumerated 'criminal' offenses, therefore, "relate" thereto, 2) define/re-define the crime of failure to register/comply with registration requirements and prescribe the punishment thereof, and 3) have a direct impact on the prosecution of the offense -in which it creates- of failure to register/comply with registration requirements in Florida. Also, the amendments specifically create new rights and impose new legal burdens on persons in requiring that those subject to the provisions retrospectively must provide additional information not previously required; the failure of which is enough to show criminality, is, alone, sufficient in sustaining a criminal conviction, and creates/establishes a right to issue warrants and arrest for law enforcement, plus, to prosecute individuals for the State. There could possibly not a clearer example of a criminal statute and substantive law changes.

Furthermore, the Florida Supreme Court in _State v. Hootman_, 709 So.2d 1357 (1998) stated:

"Recently, the Supreme Court of the United States in _Lynce v. Mathis_, 519 U.S. 433, 117 S.Ct. 891, 137 L.Ed. 2d 63 (1997), held that for a law to "fall within the _ex post facto_ prohibition, [it] must be retrospective -that is, 'it must apply to events occurring before its enactment'- and it 'must disadvantage the offender affected by it' by altering the definition of criminal conduct or increasing the punishment for the crime."

"_cf. Duggar v. Williams_, 593 So.2d 180, 181 (Fla. 1991) (holding that a law violates ex post facto prohibition where it is retrospective in effect and "diminishes a substantial substantive right the party would have enjoyed under the law existing at the time of the alleged offense"). In other words, "[a] law is retrospective if it 'changes the legal _consequences_ of acts completed before its effective date.'"

"Even where a statute merely alters penal provisions accorded by the grace of the legislature, it violates the [Ex Post Facto] Clause if it is both retrospective and more onerous than the law in effect on the date of the offense.

"As the Supreme Court noted in *California Dep't of Corrections v. Morales*, 514 U.S. 499, 115 S.Ct. 1597, 131 L.Ed. 2d 586 (1995), the necessary inquiry is whether a change in the law "alters the definition of criminal conduct or increases the penalty by which a crime is punishable." *Id.* at 506 n. 3, 115 S.Ct. at 1602 n. 3."

Are the challenged laws and amendments retrospective? Yes, they apply to an offense or conduct completed prior to their enactment. Do they disadvantage the offender affected by them by altering the definition of criminal conduct or increasing the punishment for the crime and being more onerous than the law in effect at the time despite, perhaps, being merely penal provisions accorded by the grace of the Legislature?  As discussed above, yes, because they, again, redefine what it is to fail to register/comply with registration requirements in creating new registration requirements, and therein alter the legal consequences of the crime, while making more onerous, or burdensome, the requirements of registration: Where if it is required that if a person purchase a new vehicle, create a new electronic mail account, change, or get a new, phone number, or report in person every 30 days under the current law, having, in all probability, to miss work, as registration must be done during standard business hours, or face a felony with a mandatory penalty when under the effective version at the time of the alleged offense an offender could enjoy their liberty right not so conditioned, it is clearly and certainly a more onerous application of retrospective substantive criminal law.  The retroactive application of the amendments can also be said to diminish the substantial substantive right of not being arrested and losing one's liberty for not providing this additional information.

These holdings are and the Plaintiff's claims are further supported by the Supreme Court of Florida holding in *Bionetic Corp. v. Kenniasty*, 69 So.3d 943 (2011) which said:

"One relevant inquiry when analyzing a change in statutory law is whether the amendment constitutes a substantive change or a procedural or remedial change in the law. *See Smiley v. State*, 966 So.2d 330, 334 (Fla. 2007). This Court generally adheres to the following guidelines to determine whether a statute is procedural or substantive in nature:

Substantive law has been defined as that part of the law which creates, defines, and regulates right, or that part of the law which courts are established to administer. It includes those rules and principles which fix and declare the primary rights of individuals with respect towards their person or property.

"Having determined that the [registration requirements amendment] provision[s] [are] substantive, we now turn to consider the prospective or retroactive application of [those additions].

"Substantive statutes are presumes to apply prospectively _absent clear legislative intent to the contrary_. _See Metro. Dade County v. Chase Fed. Hous. Corp._, 737 So.2d 494, 499 (Fla. 1999) ("The general rule is that absent clear legislative intent to the contrary, a law affecting substantive rights, liabilities, and duties is presumed to apply prospectively.") (citing _Hassen v. State Farm Mut. Auto. Ins. Co._, 674 So.2d 106, 108 (Fla. 1996); _Arrow Air, Inc. v. Walsh_, 645 So.2d 422, 425 (Fla. 1994)).

"Further, to determine legislative intent as to retroactivity, this Court looks both to the purpose behind the enactment of the statute and the terms of the statute. _Id_. at 500.

"With regard to the language of the [enacted legislation], there no evidence of legislative intent to rebut the presumption against retroactivity. Both the statute and its enacting legislation are silent on the forward or backward reach of the [newly provisioned requirements]. _Tellingly, the enacting legislation simply provides that "[t]his act shall take effect_ July 1, 2002",... Due to the lack of eveidence of legislative intent to apply the statute retroactively, we conclude that the [newly] enacted substantive] provision[s] apply prospectively."

Citing _Thayer v. State_, 335 So.2d 815 (Fla. 1976), the District Appeal of Florida, Fourth District in _Fogg v. Southeast Bank, N.A.,_ 473 So.2d 1352 (1985) stated:

"The rule is stated succinctly in 30 Fla.Jur., Statutes, s. 151, as follows:

"A statute operates prospectively unless the intent that operate retrospectively is clearly expressed. Indeed, _an act should never be construed retrospectively unless this was clearly the intention of the legislature_. This is especially so where the effect of giving it retroactive operation would be to interfere with an existing contract, _destroy a vested right_, or _create a new liability_ in connection with a past transaction. The presumption is that it was intended to operate prospectively, unless its language requires that it be given retroactive operation. The basis for retrospective interpretation _must be unequivocal and leave no doubt_ as to the legislative intent.""

and continues by holding:

"_State, Department of Revenue v. Zuckerman Vernon Corporation_, 354 So.2d 353, 358 (Fla. 1977) ("The 1977 Legislature's _inclusion of an effective date_ of July 1, 1977, in Ch. 77 _effectively rebuts any argument that retroactive application of the law was_

*intended")*; *Anderson v. Anderson,* 468 So.2d 528, 530 (Fla. 3d DCA 1985) ("even a clear legislative expression of retroactivity will be ignored by the courts if the statute impairs vested rights, crates new obligations, or imposes new penalties")."

In the present case, as with those heretofore cited, the legislative enactments amending F.S.A. 943.0435 and imposing substantive additions upon a past transaction as presented here do not expressly, nor unequivocally leave no doubt as to the Legislature's intent for retrospective application. Not only is that so, but each of the individual legislative enactments for the additions and/or amendments contain the effective date provision discusses in *Bionetics* and Fogg (above) which effectively rebut any arguments that retroactive application of the law was intended, or can be applied, making appropriate the calling of the customary rule of statutory construction and maxim, *expressio unius est exclusio alterius*; the mention of one thing implies the exclusion of another.

Finally, on the topic of substantive, and retroactive application of, law, we turn once more to the Supreme Court of Florida and to their holding in *Trustees of Tufts College v. Triple R. Ranch, Inc.*, 275 So.2d 521 (1973). Therein, it was held:

"Historically, courts have indulged in the presumption that the Legislature intended a statute to have prospective effect only. The bias against retrospective legislation is deeply rooted in Anglo-American law. Coke established the maxim, 'Nova constitutio futuris forman imponere debet non practeritas'. (A new state of law ought to effect the future, not the past). Blackstone wrote that it was a matter of justice that statutes should operate in future. A statute will be construed a prospective only unless the intention of the Legislature to give it retroactive effect is expressed in language  to clear and explicit to admit of reasonable doubt. This Court in *In Re Seven Barrels of Wine*, 79 Fla. 1, 83 So. 627, 631 (1920), set out the vitally important principle:

'A statute is not to be given retroactive effect unless its terms show clearly that such an effect was intended (citation omitted).'

'The rule that statutes are not construed retrospectively unless such construction was plainly intended by the Legislature applies with peculiar force to those statues the retrospective operation of which would impair or destroy vested rights (citations omitted).'

'A statute should not, by construction, be given a retrospective effect when it would jeopardize the validity of the statute, or when it would make its application *conflict with organic law*. See McCarthy v. Havis, supra; St. Louis & S.F.R. Co. v. Cross (C.C.) 171 F. 480; Graves v. Dunlap, 87 Wash. 648, 152 P. 532, L.R.A. 1916C, 338, Ann.Cas.1917B, 944.'

'A statute should not be so construed or applied as to make it conflict with organic law, when a construction or application conformable to the Constitution is practicable and the legislative intent is not thereby thwarted, since it must be assumed that the Legislature contemplated the enactment of law that would conform to the Constitution, and that it would be applied to classes of cases in which it may be validly enforced. See Singer Sewing Machine Co. v. Attorney General of the State of Alabama, 233 U.S. 304, 34 Sup.Ct. 493, 58 L.Ed. 974; United States Fidelity & Guaranty Co. v. United States, for Use and Benefit of Struthers Wells Co., 209 U.S. 306, 28 Sup.Ct. 537, 52 L.Ed. 804' supra 79 Fla. 1, at 632 of 83 So."

Being that conclusive evidence for showing the amending enactments to be substantive law exists by the F.S.A. 943.0436 legislative declaration and through independent consideration of their nature, effect, and language, plus, in particular, the included effective dates in each of the acts, all doubt is removed regarding the intent for a prospective only application.

The form and effect of the substantive amendments are that of a penal nature  in precisely the same exact manner as the sanctions of criminal probation: They are the result of a criminal conviction; require compliance with certain, specified reporting requirements; and place limitations on one's liberty -through the imposition of criminal sanctions for failure to register or provide notification of change of residence. This notion is advanced by the language of F.S.A. 943.0435(1)(a)2. (2002) and opinion issued in the holding of *Witchard v. State*, 68 So.3d 407 (2011) by the District Court of Appeal of Florida, Fourth District. F.S.A. 943.0435(1)(a)2. (2002) contains a limiting clause as to its application:

(1)  As used in this section, the term:

(a)  "Sexual Offender" means a person who has been:

2.  Released *on or after* October 1, 1997, from the sanction imposed for any conviction of an offense describe in subparagraph 1.

and the *Witchard* Court elaborates on the inclusion of such a clause being indicative of the act being a punishment:

"Furthermore, the Florida Legislature also seems to recognize that mandatory electronic monitoring is a form of criminal punishment. As part of part of the JLA, the Florida Legislature added the requirement that a trial court impose mandatory electronic monitoring on certain sex offenders who are place on probation, but limited the requirement to probationers whose crimes were committed on or after September 1, 2005. *See* s. 948.30(3), Fla. Stat. (2005). *If the mandatory electronic monitoring was only a civil remedy, there would have been no reason for the legislature to limit the application of this subsection*."

In so being, all amendments to F.S.A. 943.0435, whether imposed with and by an Act-included effective date, or not, they are subject to the constitutional prohibitions against Ex Post Facto law and Double Jeopardy; Bills of Attainder as they only apply to certain sexual offenders; and rights of equal protections and due process's fair notice.

Working toward even further demonstrating that the subject legislation facilitating this action violates constitutional protections and prohibitions, and those principles of law herein discussed I present the United States Supreme Court precedent setting case of *Cummings v. Missouri*, 71 U.S. 277 (1866) with their holding which explicates on exactly what type of legislation constitutes a constitutional Bill of Attainder and an Ex Post Facto law which receive essentially the same scrutinously legal analysis:

"An ex post facto law is one which imposes a punishment for an act which was not punishable when it was committed, or *imposes additional punishment*, or *changes the rules of evidence*s, by which less or *different* testimony is sufficient to convict,

"Bills of pains and penalties, inflicting a punishment less than death, are bills of attainder, within the Constitution.

"Bills of attainder may inflct punishment absolutely, or may inflict it conditionally.

"A "bill of attainder" is a legislative act which inflicts punishment with a judicial trial.

"These bills, though generally directed against individuals by name, may be directed against a while class, and they may inflict punishment absolutely, or may inflict it conditionally.

"*To be obnoxious as bills of attainder, the provisions must operate against some particular delinquent, of specified class of delinquents, and not against the whole community.*"

In addition to having established the registration requirements statute as a "criminal statute" under Smiley's proffered definition, the *Cummings* Court further states:

"'The phrase ex post facto laws, is not applicable to civil laws, *but to penal and criminal laws*, which punish a party for acts *antecedently done*, which were not punishable at all, or *not punishable to the extent* or *in the same manner prescribed*.'

"It can make no difference, therefore, whether such legislation is found in a constitution or in a *law of the State*; if it be within the prohibition it is void;...

"…, any law, …, which imposes a punishment for a crime *in addition to* that which the existing law at the time of its commission imposed is *ex post facto*."

Having to be designated as a "sexual offender" by having been "convicted" of a specified offense, that offense having been committed prior to the acts' effective dates, the provisions being imposed without the protections of a judicial trial, and the conditions being conditional punishments -comply with the legislative requirements or be subject to the loss of your liberty- the as-applied applications of all come fundamentally within the above prohibitions.

Also, although addressed already, and fairly thoroughly, thus far, I believe it to be prudent to directly call out and address the probable contentions of the Defendants.

It has been consistently held, in the absence of my thorough research and presentment of F.S.A. 943.0436's legislative declaration to the contrary, by the various courts of Florida, that the registration requirements for sexual offenders constitute a procedural/remedial regulation, albeit erroneously, and that they it is a "collateral consequence", and so retroactive application of registration requirements does not offend the constitutional prohibition against such an application. F.S.A. 943.0436 and the citations presented effectively dispel the claim of registration requirements being remedial/procedural, but I believe it to also be worth noting, from the *Cummings* Court:

"Although the prohibition of the Constitution to pass an *ex post facto* law aimed at criminal cases, it cannot be evaded by giving a civil form to that which is in substance criminal."

The United States Supreme Court in *Cummings* subsequently and eloquently addresses in principle the subject consequences to a crime:

"Counsel on the other side maintain that the exclusion of the priest from the right to preach or teach is not *ex post facto* legislation within the meaning of those terms in the Constitution, because it is not the legal consequence of any crime; something having no connection with the crime. They admit, therefore, that if the punishment can attach itself to the crime, it be a punishment not known to the laws at the time the crime was committed, it is void. Now, what does the State Constitution do? Does it not exclude because of the crime, in consequence of the crime, and only in consequence of the crime? If it does, it is, in the judgment of Missouri, or in the judgment of its Constitution, a *punishment of the crime* just as effectually as if a party was

tried upon an indictment and convicted, and the law authorized a party, upon that conviction, from the right to practise[(K.'s Eng.)] or to preach.

"The degree, the extent, the character of the punishment, has nothing to do with the fact of punishment. Admit that Mr. Cummings and all standing in like relation are punished by this State constitution, and the constitution, and the constitution falls just as absolutely as if, instead of ordaining that persons should be punished by not being permitted to exercise and carry on their occupations, it had said, 'if you do not swear to your innocence we infer you to be guilty, and we fine and imprison you.' It would be as much in that case, and not more, a consequence of the crime, as it is in this case. *And once hold it to be consequential upon the crime, and you bring it within the inhibition*, provided the punishment which it does inflict is not the punishment which the law inflicted at the time the crime is alleged to have been committed."

The proper application of law, therefore, as it pertains to Plaintiff Lacorazza, Jr. is that of the 2002 version of F.S.A. 943.0435, and all other law, existing and in effect at the time his offenses are alleged to have occurred. The early 2002 s. 943.0435, and all other Florida law, requires substantially different registration components than does subsequent versions of that and other Florida legislation. Prominent among those differences is the prescriptions of having to register:

- ONLY *ONCE*, NOT once a year, NOT semi-annually, definitely NOT quadrannually, but ONE TIME, unless there is an update or change made or needed to be made to the requisite registration information (nothing stipulates "re-registration")

- A vehicle description and information *only* "If the sexual offender's place of residence is a motor vehicle…"

*Not having to* register or "re-register":

- An electronic mail address or instant message name

- A home telephone or any cellular telephone number

- An *intent to change* temporary or permanent residence within the state

- Fingerprints and photograph

- A "transient" residence

- In-person every-30-day reporting as a "transient" registrant

and *not* being required to:

- Possess an identification card and/or license "with identifying markings"

The Laws to the as-applied challenge of this action are, but not limited to, as follows:

- Chapter 2004-371, s. 2, *eff*. July 1, 2004

  Making it a criminal offense to fail to report intent to change temporary or permanent residence within the state, or fail to report no change of temporary or permanent residence after initial reported intent to change temporary or permanent residence and providing for criminal sanction for non-compliance. (section 2)

  Providing an effective date. (section 18.)

- Chapter 2005-28, s.9, *eff*. Sept. 1, 2005;

  Requiring re-registration twice yearly and submission of "vehicle make, model, color, and license tag number; fingerprints; and photograph" during re-registration and providing for criminal sanctions for non-compliance. (section 9.)

  Providing an effective date. (section 28.)

- Chapter 2007-207, s.4, *eff*. July 1, 2007;

  Requiring persons subject to registration as a sexual offender under s. 943.0435, F.S., to have the marking "943.0435, F.S." on the front of their I.D. card and/or license and providing for criminal sanction for non-compliance. (section 1.)

  Requiring correspondence within 3 weeks for address verification purposes and providing for criminal sanction for non-compliance;

  Providing an effective date.

- Chapter 2007-143, s. 10, *eff*. Oct. 1, 2007;

  Requiring registration and re-registration of "any electronic mail address or instant message name" and providing for criminal sanction for non-compliance. (section 10.)

  Providing an effective date. (section 15.)

- Chapter 2009-194, s. 3, *eff*. July 1, 2009;

  Requiring registration and re-registration of "home telephone number and any cellular telephone number" and providing for criminal sanction for non-compliance. (section 3.)

  Providing an effective date. (section 9.)

- Chapter 2010-92, s. 4, *eff*. May 26, 2010;

Requiring registration and re-registration of "transient" residency and providing for criminal sanctions for non-compliance. (section 4.)

Providing an effective date. (section 19.)

- Chapter 2013-116, s. 11, *eff*. July 1, 2013;

  Requiring submission of fingerprint and photograph during registration and re-registration. (section 11.)

  Providing an effective date. (section 71.)

- Chapter 2014-5, s. 5, *eff*. Oct. 1, 2014;

  Requiring provision of passport for registration and providing for criminal sanctions for non-compliance.

  Requiring provision of information about professional licenses and providing for criminal sanctions for non-compliance.

  Requiring provision of international travel information and providing for criminal sanctions for non-compliance.

  Requiring 30-day in-person reporting as "transient" registrant and providing for criminal sanctions for non-compliance.

  Providing an effective date.

- Chapter 2016-104, s. 3, *eff*. Oct. 1, 2016;

  Requiring palm prints during registration and re-registration and providing for criminal sanctions for non-compliance.

Effectively, in sum, any and all amendments and additions to the March 2002 version of F.S.A. 943.0435, and all other pertinent law, which is substantially, and/or in any other way, not procedural/remedial in their effect and/or nature.

Fed. R. Civ. P. Rule 26(a)(1)(A)(i)

- Thomas James Lacorazza, Jr.

  980 Greenwood Rd.

  Weston, FL 33327

  -no phone number-

      Documents and information pertaining to cause of action

Fed. R. Civ. P. Rule 26(a)(3)(A)(ii)

- Plaintiff has no witness(es) to call on for testimony

Fed. R. Civ. P. Rule 26(a)(3)(A)(iii) / Fed. R. Civ. P. Rule 26(a)(1)(A)(ii)

1. " Document A ": Detailed legal claim for action

2. Exhibits  1 - 5

3. Westlaw search results document: "Regulation prohibiting against laws impairing obligation of contracts"

4. Westlaw search results document: "sex offender registration requirements"

5. State's filed charging information

6. B.S.O. Offense Report #90-164-000503

7. Black's Law Dictionary definitions

8. March 2002 version of F.S.A. 943.0435

9. October 2002-current version of F.S.A. 943.0435

10. October 2016 version of F.S.A. 943.0435

11. 2002 & 2016 version of F.S.A. 943.0436

12. State Attorney's Office of The 17th Judicial Circuit Court in and for Broward, County, Florida's charging information file in

    case #16013061CF10A

13. The 17th Judicial Circuit Court in and for Broward, County, Florida's information(s) and records in case #02006880CF10A: conviction date and 2002 version of F.S.A. 800.04

14. Weston residency contract with Plaintiff and predicate violation allegation(s)

15. CA Penal s. 3003.5

16. Case #16013061CF10A disposition form


Fed. R. Civ. P. Rule 26(a)(1)(A)(iii)

-Computation of Damages Claimed-

Defendant Broward Sheriff's Office (B.S.O.)-

In what can truly be said to be an incredibly modest estimate of the amount of time and energy placed into research and preparation associated with this action; the emotional, psychological, and physical distress suffered and endured, and the length or duration thereof from the application and enforcement of unlawful and unconstitutional law as applied to Plaintiff, i.e. threat of imprisonment, stresses of ensuring compliant action, incarceration, et cet. Fear of imprisonment and loss of liberty and disadvantages my life has experienced relating to employment and residence, harassment, et al., most of which cannot be quantified, nor justified, in regards to their effects on Plaintiff Lacorazza, Jr. and his well being.

As a cumulative total for the constitutional violations in application of retrospective substantive law, including, but not limited to twice-yearly registration requirements and 30-day in person transient registrant reporting, and the resultant criminal charge, arrest, and false imprisonment for failing to "comply" with such unlawfully applied legislation:

-Compensatory Relief-

2hrs/day; 5 days/wk; 13mos (56 weeks); @ $250.00/hr; @ 25% quotient = 2 * 5 = 10 * 56 = 560 * $250.00 = $140,000.00 * 4 (or) / .25 = $560,000.00

<u>Request to Produce Documents and Tangible Things, or to Enter onto Land Under Rule 34 of Fed. R. C. P.</u>

The Plaintiff, Thomas James Lacorazza Jr., requests that Defendant City of Weston respond within 30 days to the following request:

1. To produce and supply Plaintiff with a copy of the following thing(s):

   a. Official copy of Residency Contract between Plaintiff Lacorazza, Jr. and Defendant City of Weston

      (1) Defendant City of Weston may electronically, or standard U.S.P.S. courier service, mail to Plaintiff Residency Contract. Contract can be mailed to the intermediary electronic mail address of: CTimp05@yahoo.com; which belongs to Carol Timpanaro, Plaintiff's aunt, at any time after receipt of this request by the defendant within the time prescribed in Rule 34(b)(2).

BROWARD COUNTY
~~ARREST~~ EXHIBIT | ARREST EC
REST# --

| Reporting Agency | Offense Report | LE ID# | FDLE | FBI | SS# |
|---|---|---|---|---|---|
| BROWARD S.O. | 90-164-000503 | | | | |

**Defendant's Last Name:** LACORAZZA  **First:** THOMAS  **Middle:** JAMES  **SUF:**  **Alias/Street Name:**  **Citizen:** US

| Sex | Hgt | Wgt | Hair | Eyes | Comp | Age | DOB | Birth Place |
|---|---|---|---|---|---|---|---|---|
| M | 5'09" | 137 | BROWN | GREEN | LIGHT | 33 | 9/23/83 | NEW JERSEY |

**Permanent Address:** NW CORNER OF US 27 AND I 75

Scars, marks, tattoos: LFA WRIST/CHEST #

**Residence Type:** (1) City (2) County (3) Florida (4) Out of State   **Local Address:**

**Place of Employment:** Terraquatic   **Length:**

| How long defendant in Broward County: SONY | Breathalyzer by /CCN: N/A | Reading | Place of arrest: 1 Commercial BLVD | Date/time arrested: 11/05/2016 0811 | Arresting Officer(s) CCN: FLETCHER #94 BARRETO 8565 |
|---|---|---|---|---|---|

Officer injured: Y☐ N☑

| Unit | Zone | Beat | Shift | Trans. Unit | PMD: Y☐ N☑ | Transporting Officer/CCN | Pick-up Time | Time Arrived/ BSO |
|---|---|---|---|---|---|---|---|---|
| 342 | 099 | | | | | | | |

**TYPE / ACTIVITY:** V, N

| Type: N-N/A A-Amphetamine B-Barbiturate C-Cocaine | E-Heroin H-Hallucinogen M-Marijuana O-Opium | P-Paraphernalia Equipment S-Synthetic U-Unknown Z-Other | Activity: N-N/A P-Possess S-Sell B-Buy | T-Traffic A-Smuggle D-Deliver E-Use | M-Manufacture Produce/Cultivate K-Dispense/ Distribute Z-Other | Indication of: | Y | N | UK |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Alcohol Influence | ☐ | ☐ | ☑ |
| | | | | | | Drug Influence | ☐ | ☐ | ☑ |

Attach Defendant's Photo

**Defendant's Vehicle Make:** ___ **Type:** ___ **Year:** ___ **Color:** ___ **VIN #** ___

Vehicle Towed to: ___   Tag# ___   Other identifiers or remarks:

**Name of victim(s) (if corporation, exact legal name and state of incorporation):**
STATE OF FLORIDA

| Count# | Offenses Charged | WC# / Citation #, (if applicable) | FS or Capias/Warrant # |
|---|---|---|---|
| 1 | FAILURE TO REPORT RESIDENCE INFO | | 943.0435(4)(B) |
| | | | |
| | | | |

High Risk Sex Offender

## Probable Cause Affidavit
FLETCHER #9472

Before me this date personally appeared DET. S. BARRETO who being first duly sworn deposes and says that on 3RD day of Nov. (year) 2016 at US 27 / I 75 (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe the same are as follows:

ON 11/03/2016, A QUERY OF THOMAS LACORAZZA'S REGISTRATION STATUS WAS CONDUCTED ON THE FLORIDA DEPARTMENT OF LAW ENFORCEMENT SECURE WEBSITE TO DETERMINE IF LACORAZZA WAS COMPLYING WITH HIS MONTHLY (30 DAYS) REGISTRATION REQUIREMENTS IN ORDER TO MAINTAIN HIS TRANSIT RESIDENCY STATUS. ACCORDING TO THE FDLE SECURE WEBSITE, LACORAZZA LAST REGISTERED ON 09/22/2016 AND THEN FAILED TO REPORT IN PERSON TO THE SHERIFF'S OFFICE IN THE COUNTY (BROWARD SHERIFFS OFFICE)

I swear the above statement is correct and true to the best of my knowledge and belief.   FLETCHER #9472 D13 /DLE

**Officer/Affiant's Signature:** DET. B   **Officer's Name/CCN:** DET. S. BARRETO #8565   **Officer's Division:** DLE /D-8/CID

**STATE OF FLORIDA**
**COUNTY OF BROWARD**

Sworn to (or affirmed) and subscribed before me this 3RD day of November 2016 (year), by DET. S. BARRETO (name and title), who is personally known to me or has produced ___ as identification.

**Notary Public, Deputy Clerk of the Court, or Assistant State Attorney**   **Title/Rank and CCN:** DET- 6/20

DET. IMEARS 6120
**Print, Type or Stamp Commissioned Name of Notary Public**   (SEAL)

Seventeenth Judicial Circuit
Broward County
State of Florida

CO-11590   FIRST APPEARANCE/ARREST FORM   24154-11590   WC 10551

Orig – Court
2nd – State Attorney
3 – Filing
4 – Arresting Agency

BSO DB#2 (Revised 05/00)   (SHOULD ADDITIONAL SPACE BE NEEDED, USE THE PROBABLE CAUSE AFFIDAVIT CONTINUATION (BSO DB#2a)

*** FILED: BROWARD COUNTY, FL, HOWARD FORMAN, CLERK 12/5/2016 2:30:05 PM.****
COURT COPY

2016 NOV -5 AH 9: 20 SALLY FORMAN

BROWARD COUNTY ARREST FORM

| ARREST# | | | | OBTS# | | |
|---|---|---|---|---|---|---|
| Filing Agency | Offense Report # | Arresting Officer | CCN | FBI | | SS# |
| BROWARD S.O. | 90-1611-000508 | BARRETO | 8565 | | | |
| Defendant's Last Name | First | Middle | SUF | Alias/Street Name | | Citizenship |
| LACORAZZA | THOMAS | JAMES | | | | |

Name of victim(s) (if corporation, exact legal name and state of incorporation):
STATE OF FLORIDA

| Count# | Offenses Charged | SEE | WC# Citation #, (if applicable) | FS or Capias/Warrant # |
|---|---|---|---|---|
| | | | PAGE #1 | |
| | | | | |
| | | | | |

Before me this date personally appeared DET. S. BARRETO/Fletcher #9472 who being first duly sworn deposes and says that on 3RD day of Nov., (year) 2016 at 1527/1:35 (crime location) the above named defendant committed the above offenses charged and the facts showing probable cause to believe the same are as follows:

WHERE HE MAINTAINS HIS TRANSIENT STATUS 30 DAYS LATER. A CHECK OF THE FDLE SEXUAL PREDATOR/OFFENDER REGISTRATION FORM HE SIGNED DURI THE LAST TIME HE REGISTERED (09/22/2016) REVEALED THAT HE SIGN, AND ACKNOWLEDGED HE READ/UNDERSTOOD ALL THE REPORTING REQUIREM ON THE FORM. TO THIS DATE, HE HAS YET TO REGISTER HIS TRANSIENT ADDRESS IN PERSON AT THE SHERIFF'S OFFICE. No Further Info at this Ti ON SAT 11/5/16 the def was observed on the beach in Lauderdale By The Sea. The Def was placed in custody by Deputy Fletcher #9472 at approximately 0811 hours. The Def was transported to the Main Jail. BWC was on and captured video.

Also read and understand preemption laws, Supremacy Clause, and Ex Post Facto laws and Double Jeopardy & Bills of Attainder prohibitions and protections.

*: * NOT SEE

"Transient" status was led to believe, prior to conducting legal research pertaining to registration and other applicable, controlling/governing laws, that compliance was subjective to me erroneously.

I swear the above statement is correct and true to the best of my knowledge and belief.   FLETCHER #9472   D13/DLE

| DET. S. Br [signature] | DET. S. BARRETO /8565 | DLE 10-8 /CST |
|---|---|---|
| Officer/Affiant's Signature | Officer's Name/CCN | Officer's Division |

STATE OF FLORIDA
COUNTY OF BROWARD

Sworn to (or affirmed) and subscribed before me this 3RD day of NOVEMBER, 2016 (year), by DET. S. BARRETO (name and title), who is personally known to me or has produced _____ as identification.

[signature]
Notary Public, Deputy Clerk of the Court, or Assistant State Attorney

DET. MEARS 6120
Print, Type or Stamp Commissioned Name of Notary Public

DET. 6120
Title/Rank and CCN

(SEAL)

Orig — Court
2nd — State Atty
3rd — Filing
4th - Arresting Agency

Seventeenth Judicial Circuit
Broward County
State of Florida

FIRST APPEARANCE/ARREST FORM

Exhibit 2

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, STATE OF FLORIDA**

THE STATE OF FLORIDA

vs.

**THOMAS J. LACORAZZA**

INFORMATION FOR

I. **FAILURE TO REGISTER AS
SEXUAL OFFENDER) (HOMELESS**

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF FLORIDA:

MICHAEL J. SATZ, State Attorney of the Seventeenth Judicial Circuit of Florida, as Prosecuting Attorney for the State of Florida in the County of Broward, by and through his undersigned Assistant State Attorney, charges that **THOMAS J. LACORAZZA**

from the 23rd day of October, 2016 to the 3rd day of November, 2016, in the County and State aforesaid, being a registered sexual offender residing in Broward County, Florida, and having reported a transient address to the Broward Sheriff's Office, did fail to report in person every 30 days to the Broward Sheriff's Office while maintaining a transient residence in Broward County, contrary to F.S. 943.0435(b)(2) and 943.0435(9)(a). (L7)

*** FILED: BROWARD COUNTY, FL HOWARD FORMAN, CLERK 12/5/2016 2:30:05 PM.****

STATE OF FLORIDA vs. THOMAS J. LACORAZZA
INFORMATION, Page 2

Case 0:18-cv-61799-CMA   Document 1   Entered on FLSD Docket 08/02/2018   Page 53 of 56

**IDENTIFYING DATA:**
**White**, **Male**, Height **5'9"**, **137** Lbs, **Green** Eyes, **Brown** Hair
DOB: **9-23-1983**; Place of Birth: **United States**

COUNTY OF BROWARD
STATE OF FLORIDA

Personally appeared before me **STACEY HONOWITZ**, duly appointed as an Assistant State Attorney of the 17th Judicial Circuit of Florida, by MICHAEL J. SATZ, State Attorney of said Circuit and Prosecuting Attorney for the State of Florida in the County of Broward, who being first duly sworn, certifies and says that testimony has been received under oath from the material witness or witnesses for the offense(s), and the allegations as set forth in the foregoing Information would constitute the offense(s) charged, and that this prosecution is instituted in good faith.

_____
ASSISTANT STATE ATTORNEY, 17TH JUDICIAL CIRCUIT OF FLORIDA

SWORN TO AND SUBSCRIBED before me this _____ day of _____, A.D. 2016.

HOWARD C. FORMAN

Clerk of the Circuit Court, 17th Judicial Circuit,
Broward County, Florida

By: _____
Deputy Clerk

To the within Information, Defendant pleaded _____.

HOWARD C. FORMAN

Clerk of the Circuit Court, 17th Judicial Circuit,
Broward County, Florida

By: _____
Deputy Clerk

SH:fk 12-2-2016-2

List of 15 results for sex offender registration requirements

West's Annotated California Codes
 Penal Code
  Part 1. Of Crimes and Punishments
   Title 9. Of Crimes Against the Person Involving Sexual Assault, and Crimes Against Public Decency and Good Morals
    Chapter 5.5. **Sex Offenders**

...The statute authorizing discretionary **sex offender registration** does not violate the Sixth Amendment on its face in failing to **require** the facts underlying discretionary **registration** to be found by a jury, even assuming **sex offender registration** bars nonparolees from residing "within 2000 feet of any public or private school, or park where children regularly gather," because **sex offender registration**...

...To **require sex offender registration** for an offense for which **registration** is not mandatory, the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings, and (2) it must state the reasons for **requiring** lifetime **registration** as a **sex offender**....

...As a remedy for trial court's error in concluding that defendant convicted of unlawful sexual intercourse and sodomy with 17-year-old minor was subject to mandatory lifetime **sex offender registration**, the Court of Appeal would remand the matter to the trial court so it could implement the **requirements** of discretionary **sex offender registration** statute....

...In determining whether to impose **sex offender registration requirement** on a defendant convicted of unlawful sexual intercourse and sodomy with 17-year-old minor, the trial court must engage in a two-step process: (1) it must find whether the offense was committed as a result of sexual compulsion or for purposes of sexual gratification, and state the reasons for these findings; and (2) it must state the reasons for **requiring** lifetime **registration** as a **sex offender**; most importantly, the trial court must consider the likelihood defendant will reoffend....

**9. §290.013.Change of address, within or outside the state; notice to Department of Justice by jail or prison for registrants incarcerated for more than 90 days**
CA PENAL §290.013    West's Annotated California Codes    Penal Code

West's Annotated California Codes
 Penal Code
  Part 1. Of Crimes and Punishments
   Title 9. Of Crimes Against the Person Involving Sexual Assault, and Crimes Against Public Decency and Good Morals
    Chapter 5.5. **Sex Offenders**

...Federal prosecution for failing to register as a **sex offender** under the Sex Offender Registration and Notification Act (SORNA) did not preclude, on double jeopardy grounds, subsequent state court action for violating state **sex offender registration requirements**; defendant's initial two intrastate moves without registering were not subject to prosecution under SORNA, nor were they later incorporated into the federal prosecution, and although the **requirement**...

...Under version of **sex offender registration** statute applicable prior to 1998 amendment specifically **requiring** offenders subject to **registration** to give change-of-address notification upon leaving California, offenders subject to **registration** were not **required** to notify authorities of change of address when leaving California to live elsewhere....

...Evidence was sufficient to support finding that defendant had registered with county sheriff pursuant to the **Sex Offender Registration** Act and thus to support defendant's conviction for failing to notify the agency of his initial **registration** of his change of address within five days of moving, despite defendant's contention that **registration** with sheriff was improper because he should have registered with city police department rather than county sheriff; there was evidence that defendant went to an agency authorized to accept **registrations** under the Act, that defendant signed as "**registrant**...

...To convict of failure to reregister as **sex offender** within 10 days of any change in residence address, jury did not need to find defendant specifically "intended" to evade police, but rather it was sufficient for showing "willfullness" **required** under **sex offender registration** statute that his actions were done with purpose or willingness...

**12. §290.005.Registration of persons convicted of registrable offenses in out-of-state, federal, or military courts**
CA PENAL §290.005    West's Annotated California Codes    Penal Code

West's Annotated California Codes
 Penal Code
  Part 1. Of Crimes and Punishments
   Title 9. Of Crimes Against the Person Involving Sexual Assault, and Crimes Against Public Decency and Good Morals
    Chapter 5.5. **Sex Offenders**

Exhibit H

## Chapter 627. Insurance Rates and **Contracts**
### Part I. Rates and Rating Organizations

...**Laws** 1959, c. 59-205, §445; **Laws** 1969, c. 69-106, §§13, 35; **Laws** 1969, c. 69-199, §1; **Laws** 1970, c. 70-234, §§1, 2; **Laws** 1972, c. 72-22, §1; **Laws** 1973, c. 73-259, §1; **Laws** 1974, c. 74-216, §1; **Laws** 1975, c. 75-9, §14; **Laws** 1975, c. 75-279, §3; **Laws** 1976, c. 76-96, §1; **Laws**...

...In recognition of s. 10, Art. I of the State Constitution, **prohibiting** the **impairment** of **obligations** of **contracts**, it is the intent of the Legislature that no action be taken whose purpose is to **impair** any bond indenture or financing agreement or any revenue source committed by **contract** to such bond or other indebtedness....

...c.In recognition of s. 10, Art. I of the State Constitution, **prohibiting** the **impairment** of **obligations** of **contracts**, it is the intent of the Legislature that no action be taken whose purpose is to **impair** any bond indenture or financing agreement or any revenue source committed by **contract** to such bond or other indebtedness issued or incurred by the association or any other entity created under this subsection....

...So long as any bonds, notes, indebtedness, or other financing **obligations** of the Florida Windstorm Underwriting Association or the Residential Property and Casualty Joint Underwriting Association are outstanding, under the terms of the financing documents pertaining to them, the governing board of the corporation shall have and shall exercise the authority to levy, charge, collect, and receive all...


## 49. §2.Municipalities
### FL CONST Art. 8 §2 West's Florida Statutes Annotated Florida Constitution--1968 Revision

West's Florida Statutes Annotated
 Florida Constitution--1968 Revision
  Article VIII. Local Government

...**Contracts** 175...



Res. Restr.

...Municipal **regulations** prescribed by general **law** as alternative or additional to **regulations** prescribed by special or local **law** may not be inconsistent with special or local **regulations** within Constitution so as to make special or local **law** applicable to exclusion of general **law**....

...Municipal ordinances enacted under general police power must not infringe on constitutional guaranties by invading personal or property rights unnecessarily or unreasonably denying due process of **law** or equal protection of **laws**, or **impairing** the **obligations** of **contracts**, must not be inconsistent with general **laws** of the state, including the common **law**, equity, and public policy unless exceptions are permitted, must not discriminate unreasonably, arbitrarily, or oppressively, and must not constitute

# CIRCUIT COURT DISPOSITION ORDER IN AND FOR BROWARD COUNTY, FLORIDA

Case Number __16013061CF10A__   Arrest Number __BS16004463__   BCCN # __0590262__

State of Florida VS __Lacorazza, Thomas J__   AKA _____

Judge __Michael A. Usan__   Cash bond / Return to depositor / Surety bond / IC

Cash bond number(s) _____

Charges ____086-1 Fail to Reg as Sexual Offender____

---

( ) REMANDED   ( ) REMAIN IC   ( ) UNTIL PICKED UP BY   ( ) UNTIL AFTER POST ADJUDICATORY HEARING   **OR** BED AVAILABLE AT

---

( ) Arraignment   ( ) Change of Plea   ( ) Guilty   ( ) No Contest   ( ) PSI/PDR   ( ) Sentencing / Re-Sentencing
( ) Trial by Jury   ( ) Trial by Court   ( ) First VOP/VOCC   ( ) Final VOP/VOCC   ( ) Admits Allegations
( ) Convicted by Jury/Court _____   ( ) Acquitted by Jury/Court _____   ( ) Dismissed _____   ( ) Speedy
( ) Discharged   (✓) Nolle Prosequi ____   ( ) Found Incompetent/Placement Pending/ Committed to Child/Family Services
( ) Adj. Guilty _____   ( ) Adj. Withheld _____   ( ) Adj. Delinquent _____
( ) Committed to DJJ/Level _____   ( ) Sentence Withheld _____   ( ) Previous Sentence Vacated
( ) PSI Ordered
**Adj. and Sentence deferred to**   ASA C Schell

---

Type of probation / Community Control:
( ) Youthful Offender ( ) Drug Offender ( ) Sexual Offender ( ) Habitual Offender ( ) Mental Health ( ) County
PROBATION/COMM. CONTROL:   ( ) Revoked ( ) Reinstated ( ) Modified ( ) Terminated
Extended _____   ( ) All previous special conditions apply
WARRANT:   ( ) Dismissed ( ) Withdrawn ( ) Served in open court

---

## SENTENCE: *(PROBATION / COMM. CONTROL)*

COUNT(S):_____
_____ ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control ( ) Followed by
_____ ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control
_____ ( ) each count concurrent/consecutive ( ) Concurrent ( ) Consecutive to case number _____
COUNT(S):_____
_____ ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control ( ) Followed by
_____ ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control
_____ ( ) each count concurrent/consecutive ( ) Concurrent ( ) Consecutive to case number _____

---

## SENTENCE: *(INCARCERATION)*

COUNT(S):_____   ( ) One year plus one day ( ) _____   ( ) Years ( ) Months ( ) Days
( ) BCJ ( ) FSP, w/credit for _____ days T/S
( ) Followed by _____   ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control
( ) Each count concurrent/consecutive ( ) Concurrent/consecutive ( ) To case number _____
( ) Any other sentence ( ) Work release ( ) Prison sentence suspended
COUNT(S):_____   ( ) One year plus one day ( ) _____   ( ) Years ( ) Months ( ) Days
( ) BCJ ( ) FSP, w/credit for _____ days T/S
( ) Followed by _____   ( ) Years ( ) Months ( ) Days ( ) Probation ( ) Community Control
( ) Each count concurrent/consecutive ( ) Concurrent/consecutive ( ) To case number _____
( ) Any other sentence ( ) Work release ( ) Prison sentence suspended

---

JUDGE _____   DATE __1/12/18__

DEPUTY CLERK _____

FILE COPY-WHITE   DEFENDANT'S COPY-BLUE   SHERIFF'S COPY-YELLOW   PROBATION'S COPY-PINK   DEFENSE ATTORNEY'S COPY-GOLD   REVISED 09/25/13